Derbigny, J.
delivered the opinion of the court. The plaintiff and appellee is an attorney, appointed by the court of probates of the parish of Orleans, under the 4th section of the act concerning successions ab intestato, enacted in February 1809. The object of his appointment is to compel sundry curators of vacant estates, and among others the appellant to render an account of their administration, and to pay the amount in their hands into the treasury of the State.
In execution of that trust, the plaintiff and appellee has proceeded in the court of probates to *345 cite the appellant to render his account. The account has been rendered, and the judge of that court, by virtue of the powers to him given by the act above mentioned, has granted to the appellant a delay of six months to settle his account finally; providing at the same time, that if such a settlement should not take place before the expiration of that delay, the defendant’s and appellant’s bond should be put in suit.
East'n. District.
May 1816.
From that decree, the defendant and appellant prayed an appeal to the district court, and the district court having dismissed his appeal, on the ground, that the decree complained of was not such a judgment as could be appealed from he has brought his case before us.
We can feel no hesitation in saying, that this was not a case for an appeal from the court of probates to the district court, nor from the district court to this. The only proceeding in the court of probates, from which the law has given an appeal, is the granting of letters of administration, now letters of curatorship. We do not think that any of its other acts is subject to he revised in the form of an appeal. The party dissatisfied with them has his remedy in a court of law.
In the present case, the appellant has no cause of complaint till his bond is put in suit. His *346 present appeal is irregular and without object.
The plaintiff in propriâ personâ. Livingston for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court, dismissing the appeal from the court of probates, be affirmed with costs.